## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **KENJI DUVILLE HAYNES,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **No. CIV 20-181-JFH** |
| | ) | |
| **MITCHELL PHILLIPS,** | ) | |
| | ) | |
| Defendant. | ) | |

### OPINION AND ORDER

Plaintiff Kenji Duville Haynes ("Plaintiff") is a pro se pretrial detainee who is incarcerated in the Wagoner County Jail in Wagoner, Oklahoma. On June 12, 2020, he filed this civil rights action pursuant to 42 U.S.C. § 1983, seeking relief related to his current criminal proceedings (Dkt. No. 1). The sole defendant is Mitchell Phillips, a police officer with the Pryor Police Department in Pryor, Oklahoma ("Officer Phillips").

**Plaintiff's Allegations**

Plaintiff references Case No. CF-2018-374, which according to the Oklahoma State Courts Network, is a Mayes County criminal proceeding charging Plaintiff with manufacture of CDS / Possession of Material with Intent to Manufacture.[1] Plaintiff alleges that on October 14, 2018, he was pulled over for a simple traffic stop by Officer Phillips. According to Plaintiff, Officer Phillips allegedly went to Plaintiff's house where Officer Phillips trespassed on Plaintiff's property, stalked and harassed Plaintiff, and asked to search

---

[1] The Court takes judicial notice of the public records of the Oklahoma State Courts Network (OSCN) at http://www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

Plaintiff's house. According to Plaintiff, when he declined the request, Officer Phillips detained Plaintiff for 1-1/2 hours to obtain a search warrant, which allegedly violated Plaintiff's Fourth Amendment rights. Plaintiff also complains that Officer Phillips is a traffic patrol officer who is not certified to investigate drug crimes. Finally, Plaintiff asserts that his Sixth Amendment right to a speedy trial has been denied.

Plaintiff requests relief in the form of an investigation of the facts by the Court and a determination that his constitutional rights were violated. He also wants this Court to order the state court to dismiss his criminal case with prejudice and to compensate him for false incarceration and the loss of his job, personal possessions, house, and enjoyment of life.

**Discussion**

The Court notes that while Plaintiff is incarcerated in the Eastern District of Oklahoma, the events of which he complains occurred in Mayes County, Oklahoma, which is located within the territorial jurisdiction of the Northern District of Oklahoma. In addition, the named defendant is located in the Northern District. Therefore, proper venue for Plaintiff's § 1983 claims does not lie in this district. *See* 28 U.S.C. § 1391(b). When a case is filed in the wrong district, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district in which it could have been brought." 28 U.S.C. § 1406. Because, as discussed below, Plaintiff has raised claims that are improper for a § 1983 action, the Court finds this action should be dismissed instead of transferred.

Plaintiff has requested monetary relief for alleged constitutional violations arising from Officer Phillips' actions. To the extent a plaintiff seeks compensatory damages for his

alleged unconstitutional incarceration, he first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (citing 28 U.S.C. § 2254). When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

As for Plaintiff's claims regarding Officer Phillips' actions and the pending criminal proceedings, "a prisoner who challenges the fact or duration of his confinement . . . must do so through an application for habeas corpus." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (citing *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997)). "[A] a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241." *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (citations omitted). Further, a § 2241 petition must be filed in the district where the petitioner is confined. *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). If Petitioner were to file a proper § 2241 petition, however, it would be denied for the following reasons.

Federal courts are required to avoid interference with pending state criminal prosecutions, "except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971). The *Younger*

doctrine is based "on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (citing *Younger*, 401 U.S. at 44-45). Under the doctrine established in *Younger*, abstention is appropriate whenever there exists (1) ongoing state proceedings, (2) which implicate important state interests, (3) wherein the state courts afford an adequate forum to present the applicant's federal constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997), *cert. denied*, 523 U.S. 1005 (1998).

Here, the Court find that abstention is proper.

In Oklahoma, a remedy for unlawful detention is available through the writ of habeas corpus in the state courts. *See* Okla. Stat. tit. 12, § 1344 ("The writ [of habeas corpus] may be had for the purpose of letting a prisoner to bail in civil and criminal actions."). *See also* Okla. Stat. tit. 12, § 1331 ("Every person restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered therefrom when illegal."). The records of the OSCN show that Petitioner has not sought state habeas corpus relief or established that state court remedies are unavailable for Case No. CF-2018-374. Therefore, federal habeas corpus relief is not available at this time.

**THEREFORE,** this action is DISMISSED WITHOUT PREJUDICE pursuant to 28

U.S.C. § 1406(a).  All pending motions are DENIED AS MOOT.

**IT IS SO ORDERED** this 21ST day of July 2020.


_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE